UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LUCKY STAR ENTERTAINMENT, a foreign corporation, and JIEN CHEN, individual capacity, <br><br> Plaintiffs, <br><br> v. <br><br> MIAMI SLOT SALES, a Florida Limited Liability Company, ALDO I. ABREU, SILVIA PEREDA, and ARTURO CASTILLOS, in their individual capacities, <br><br> Defendants. | Case No.: _____ <br><br> Judge |

**COMPLAINT**

**COMES NOW**, Plaintiffs LUCKY STAR ENTERTAINMENT and JIEN CHEN and sues the Defendants MIAMI SLOT SALES, ALDO I. ABREU, SILVIA PEREDA and ARTURO CASTILLOS and in support alleges the following:

**INTRODUCTION**

1. This case arises from a breach of contract, fraud, conversion, unjust enrichment and violations of the Florida Unfair Practices Act committed against the Plaintiffs, LUCKY STAR ENTERTAINMENT, a foreign corporation, and JIEN CHEN, an individual (hereinafter collectively referred to as the "Plaintiffs"), by the Defendants, MIAMI SLOT SALES, a Florida Limited Liability Company, ALDO I. ABREU, SILVIA PEREDA and ARTURO CASTILLOS, individuals (hereinafter collectively referred to as the "Defendants").

2. The Plaintiffs contracted with the Defendants to purchase certain items, including but not limited to, reconditioned slot machines. After Plaintiffs made the required payments to cover the full

1

amount of the purchase, Defendants failed to deliver the items as bargained for under the agreement.

## PARTIES

3. Plaintiff LUCKY STAR ENTERTAINMENT is a foreign corporation duly registered in Belize, with offices at 101 Commerce Street Dangriga Town, Stann Creek District, Belize, Central America.

4. Plaintiffs JIEN CHEN is an individual and a resident of Belize, Central America.

5. At all times material hereto, Defendant MIAMI SLOT SALES was and continues to be a Florida Limited Liability Company, authorized to conduct business and conducting business in the State of Florida, with its principal place of business located at 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131.

6. At all times material hereto, Defendants ALDO I. ABREU, SILVIA PEREDA and ARTURO CASTILLOS were and continue to be residents of the State of Florida and are other wise *sui juris*.

7. Defendants, ALDO I. ABREU, SILVIA PEREDA, and ARTURO CASTILLOS, during all times relevant to the events described in this Complaint, were managing members of MIAMI SLOT SALES.

8. Said Defendants acted as agents of MIAMI SLOT SALES and are sued in their individual capacities under Florida Statute §608.4228.

## JURISDICTION, VENUE AND CHOICE OF LAW

9. Plaintiffs bring their Complaint under federal diversity jurisdiction, 28 U.S.C. §1332. The parties are completely diverse in citizenship.

10. This is an action for damages that exceed Seventy Five Thousand Dollars ($75,000), exclusive of interests and costs.

11. Venue is founded in its judicial district based on 28 U.S.C. §1391 (b), as at least one of the Defendants reside in Miami-Dade County or otherwise have a principal place of business in Miami-Dade County, and a substantial part of the events or omissions giving rise to the claim occurred in Miami-Dade County.

12. Florida law shall apply in this case as this Court sits in the State of Florida.

## SUMMARY OF RELEVANT FACTS

13. On or about June 28, 2013, the Plaintiffs contracted with the Defendants for certain items, as described in Invoice # MSS-080613-02. *Exhibit A – Invoice # MSS-080613-02*.

14. On July 2, 2013, the Plaintiffs paid the Defendants the amount of Thirty-Five Thousand Nine Hundred and Ninety-Seven Dollars ($35,997) via wire transfer from Scotiabank Belize, Dangriga Branch. *Exhibit B – Bank Transfers.*

15. On August 15, 2013, the Plaintiffs made a second payment to the Defendants in the amount of Ten Thousand Dollars ($10,000) via wire transfer from Scotiabank Belize, Dangriga Branch. *See Exhibit B*.

16. On August 16, 2013, the Plaintiffs made a third payment to the Defendants in the amount of Ten Thousand Dollars ($10,000) via wire transfer from Scotiabank Belize, Dangriga Branch. *See Exhibit B*.

17. On or about August 19, 2013, the parties also contracted for additional items for the consideration and bargained for price of Five Thousand Seven Hundred and Thirty Dollars ($5,730), as evidenced by Invoice # MSS-081913-01. *Exhibit C- Invoice #MSS-081913-01*.

18. On August 22, 2013, the Plaintiffs made a fourth payment to Defendants in the amount of Ten Thousand Dollars ($10,000) via wire transfer from Scotiabank Belize, Danriga Branch. *See Exhibit B.*

19. On August 23, 2013, the Plaintiffs made a fifth payment of Five Thousand Nine Hundred and Ninety-Seven Dollars ($5,997) via wire transfer from Scotiabank Belize, Danriga Branch. *See Exhibit B.*

20. On September 4, 2013, Plaintiff's family member, Mrs. Yenong Li, made a sixth payment of Sixteen Thousand Two Hundred and Five Dollars ($16,205), for and on behalf of Plaintiffs via wire transfer from First Caribbean International Bank. *See Exhibit D.*

21. The bargained price and consideration paid to Defendants for the items, shipping, and handling fees totaled Eighty-Nine Thousand Six Hundred and Ninety-Four Dollars ($89,694).

22. The bargained price and consideration paid to government of Belize for import duties, licensing and permits fees for the items purchased from Defendants totaled Seventy Thousand Dollars ($70,000). *See Exhibit E.*

23. The total out of pocket investment Plaintiffs incurred exceeded One Hundred and Sixty Thousand Dollars ($160,000).

24. On or about, September 21, 2013, the Defendants made a partial delivery by delivering certain items. *See Exhibit F.*

25. The Defendants never delivered any of the other items, as described in Exhibits A, B and C, which were required to be delivered as part of the contract, and for which the Plaintiffs made full payment.

26. The Defendants engaged in a practice of relaying knowingly false business proposals to the Plaintiffs in order to induce them to transfer funds via wire transfer.

## COUNT 1 - BREACH OF CONTRACT AGAINST ALL DEFENDANTS

Plaintiffs hereby incorporate the allegations made in paragraphs 1- 26 as if stated in full and further alleges the following:

27. This is a claim for breach of contract against the Defendants.

28. The Defendants breached the series of contracts entered into with the Plaintiffs for the delivery of certain items, as described in the exhibits attached to this Complaint, which resulted in the Plaintiffs suffering substantial economic damages.

29. As evidenced in Exhibits A, B, and C, the parties had a valid contract for the purchase of certain items. *See* Fla. Stat. §§ 672.201, 672.206.

30. The failure to deliver the items as contracted, and for which the Plaintiffs made full payment, constitutes a material breach of the contract between the parties.

31. Defendants' failure to deliver the items contracted and paid for by the Plaintiffs resulted in substantial damages, for which the Plaintiff has a right to recover. *See* Fla. Stat. 672.713.

Plaintiffs demand judgment against the Defendants for damages, costs and interests as well as any other remedy this Court deems proper and just.

## COUNT II – UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

Plaintiffs hereby incorporate the allegations made in paragraphs 1- 26 as if stated in full and further alleges the following:

32. This is a claim for unjust enrichment against the Defendants

33. Plaintiffs have conferred a benefit onto Defendants in the form of wire transfers totaling Eighty-Nine Thousand Six Hundred and Ninety-Four Dollars ($89,694). *See Exhibit B and Exhibit D.*

34. Defendants voluntarily accepted these funds and have retained the funds without conferring to Plaintiff all the benefits that should have been conferred to them for the total monetary value paid. Defendants retained the benefits for themselves.

35. Defendants obtained the benefit of said funds by inducing the Plaintiffs through offers of sale that were later dishonored.

36. Defendants are fully aware that the benefit conferred was intended to stand as consideration for the sale of items as evidenced by the Invoices herein attached and have refused to return the benefit thereby conferred. *See Exhibits A & C.*

37. The circumstances are such that it would be inequitable for Defendants to retain the benefit without paying value to the Plaintiffs.

Plaintiffs demand judgment against the Defendants for damages, costs and interests as well as any other remedy this Court deems proper and just.

## COUNT III-FRAUD AGAINST ALL DEFENDANTS

Plaintiffs hereby incorporate the allegations made in paragraphs 1- 26 as if stated in full and further alleges the following:

38. This is a claim for fraud against the Defendants.

39. The elements of a cause of action for fraud in Florida are: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party. In summary, there must be an intentional material misrepresentation upon which the other party relies to his detriment. *Waters v. Int'l Precious Metals Corp.,* 172 F.R.D. 479, 501 (S.D. Fla. 1996).

40. The Defendants intentionally and knowingly made false statements concerning material facts with the intention of inducing the Plaintiffs to act upon such statements and rely on them to their detriment.

41. Specifically, before and during the time that Plaintiffs were making payments pursuant to their agreement, the Defendants made numerous written and oral false representation through email and telephone communication regarding their intention to deliver in due time and form the items as contracted for.

42. Defendants made false statements such as confirming that all items contracted for were ready to be shipped to Plaintiff immediately upon receiving all payments. Defendants sent pictures of items that were supposedly stored in Defendants own warehouse and inform that several potential buyers were visiting the warehouse to purchase the items.

43. At the time the statements were made, the Defendants had knowledge that those representations were false. Specifically, Defendants knew that they did not have any kind of inventory in the warehouse ready to be shipped out, that the pictures were not pictures of actual inventory that was intended for shipment to Plaintiffs, and that there were no potential buyers visiting the warehouse for immediate purchase and delivery.

44. The Defendants made such statements with the intention of inducing the Plaintiffs to enter into the contract and send payments for items that the Defendants had no intention of delivering.

45. The Plaintiffs relied on these statements to their detriment as they sent a substantial amount of money to the Defendants but did not receive the items for which they made payments.

46. Defendants stopped communicating with Plaintiff right after receiving all payments. Plaintiffs have attempted to contact Defendants through different communication methods, including but not limited to several emails, phone calls and even travelling to Miami in June 2014 to resolve

this dispute, but Defendants had neglected and refused to maintain any communication with Plaintiffs, evidencing their intent to defraud and convert the property of Plaintiffs.

47. Because the Plaintiffs were defrauded by the Defendants, they are entitled to compensatory and punitive damages as a matter of law.

Plaintiffs demand judgment against the Defendants for economic, compensatory as well as punitive damages, costs and any other remedy this Court finds just and proper.

## COUNT IV – CONVERSION AGAINST ALL DEFENDANTS

Plaintiffs hereby incorporate the allegations made in paragraphs 1- 26 as if stated in full and further alleges the following:

48. This is a claim for conversion against the Defendants.

49. The Defendants intentionally converted the Plaintiff's property when they refused to deliver the items per the conditions previously established.

50. The circumstances material to the Complaint are a matter of intentional conduct on behalf of each individual Defendant and are not matters of negligence, recklessness or otherwise.

51. Upon furnishing payment to the Defendants, the items contracted for became the rightful property of the Plaintiffs.

52. Plaintiff is entitled to possession of said items.

53. By refusing delivery Defendant has perpetuated an unauthorized act of control over the property of Plaintiffs for an indefinite period of time.

54. Plaintiff has repeatedly demanded the return of the property but Defendants have refused.

55. As a matter of law, the Plaintiffs are entitled to the reasonable value of the property converted, together with interest to the date of judgment.

Plaintiffs demand judgment against the Defendants for damages, costs and interests as well as any other remedy this Court deems proper and just.

### COUNT VI- VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

Plaintiffs hereby incorporate the allegations made in paragraphs 1- 26 as if stated in full and further alleges the following:

56. This is a claim brought pursuant to §501.211, violations of Florida Deceptive and Unfair Trade Practices Act.

57. The acts of the Defendants against the Plaintiffs constitute a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

58. The FDUTPA provides plaintiffs a cause of action for unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. *See* Fla. Stat. § 501.204.

59. The Defendants actions constitute a deceptive act and an unfair practice. The Defendants intentionally induced through deception, the Plaintiffs to send payments but Defendants thereafter refused to deliver the items for which those payments were made.

60. The Plaintiffs demanded their items to be delivered and requested their money back, but the Defendants refused to do either, or any other course of action that would rectify the situation in a fair manner pursuant to fair business practices.

61. The Defendants acts are the proximate and actual cause of the Plaintiffs damages. The Defendants' failure to deliver the items is the sole reason why Plaintiffs do not have control over their property.

62. The Plaintiffs suffered actual damages as it made payments to the Defendants for the items contracted for and to the Government of Belize for licenses and permits, but Plaintiffs have not received to the date of this filing the items it purchased for value.

63. Pursuant to § 501.211, any person who has suffered losses as a result of a violation may commence a private action to recover actual damages, attorney's fees, and costs.

Plaintiffs demand judgment against the Defendants for damages, costs, attorney's fees and interests as well as any other remedy this Court deems proper and just.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that this Honorable Court:

A. Assume jurisdiction over this matter;

B. Enter judgment in Plaintiff's favor and against the Defendants on all Counts of this Complaint;

C. Award Plaintiffs compensatory, special and punitive damages equal to an amount to be later determined at trial;

D. Award the Plaintiff the reasonable attorney fees, costs, pre and post-judgment interests; and

E. Award any and all-further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues triable.

Dated July 17, 2014

                                                    Respectfully submitted,

                                                    _____
                                                    Javier Markowicz, Esquire
                                                    Fla. Bar No.: 63421

jmarkowicz@mrkinternationallaw.com
Markowicz International Law
2999 NE 191 Street Suite # 702
Aventura, Florida 33180
Phone: (786) 619-3148

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by process server on July _____, 2014, on all parties of record on the Service List below.

_____
Javier Markowicz, Esquire

## SERVICE LIST

Aldo I. Abreu
Managing Member
Miami Slot Sales, LLC
1200 Brickell Avenue
Suite 1950
Miami, Florida 33131

Silvia Pereda
Managing Member
Miami Slot Sales, LLC
1200 Brickell Avenue
Suite 1950
Miami, Florida 33131

Arturo Castillos
Managing Member
Miami Slot Sales, LLC
1200 Brickell Avenue
Suite 1950
Miami, Florida 33131

Francis M. Switzer
Registered Agent
1360 S. Dixie Highway
Suite 355
Coral Gables, Florida 33146